**DISMISS; and Opinion Filed September 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00087-CV

### SCOTT DAMON RICHARDSON, Appellant
### V.
### DARREN MARSACK, Appellee

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-09775**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Lang-Miers

Pro se appellant Scott Damon Richardson appeals the trial court's judgment dismissing his suit against appellee Darren Marsack under rule 91a, Texas Rules of Civil Procedure. The Court previously determined that appellant's brief was deficient and instructed him to file an amended brief that complies with the Texas Rules of Appellate Procedure. Our March 28, 2018 notice to appellant stated that "[f]ailure to file an amended brief that complies with the Texas Rules of Appellate Procedure within 10 days of the date of this letter may result in dismissal of this appeal without further notice from the Court." Appellant did not file an amended brief. Because his brief does not comply with long-established briefing rules, we dismiss appellant's appeal.

On August 10, 2017, appellant filed suit against appellee, a police officer for the City of Mesquite. Appellant alleged that appellee "unlawfully stopped and detained" him "while I was in

my right to locomotion." Appellant alleged that appellee lacked authority to enforce the Texas Transportation Code; refused to take appellant before a magistrate; and denied him the "right to speak or be heard in a mandatory examining trial." Appellant alleged claims for false imprisonment and abuse of process, and sought $50,000 in damages. Appellee answered, specially excepted to appellant's petition for failure "to allege facts which would support the tort claims asserted," and alleged affirmative defenses to appellant's claims. In an amended answer, appellee pleaded "the election of remedies provisions found in Texas Civil Practice & Remedies Code § 101.106" as an affirmative defense.

On November 2, 2017, appellee filed a motion to dismiss under rule of civil procedure 91a, relying on section 101.106(f) of the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(f) (West, Westlaw through 2017 1st C. Sess.). Under section 101.106(f), "a defendant is entitled to dismissal upon proof that the plaintiff's suit is (1) based on conduct within the scope of the defendant's employment with a governmental unit and (2) could have been brought against the governmental unit under the Tort Claims Act." *Laverie v. Wetherbe*, 517 S.W.3d 748, 752 (Tex. 2017). The trial court granted appellee's motion, and appellant, representing himself, filed this appeal.

Parties to civil litigation in Texas may represent themselves at trial or on appeal. TEX. R. CIV. P. 7; *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). The right of self-representation carries with it the responsibility to comply with our rules of appellate procedure. *Bolling*, 315 S.W.3d at 895 (citing *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978)). Courts regularly caution pro se litigants that courts will not treat them differently from a party who is represented by a licensed attorney. *See Mansfield*, 573 S.W.2d at 184–85; *Bolling*, 315 S.W.3d at 895.

Our appellate rules have specific requirements for briefing. TEX. R. APP. P. 38. These rules require appellants to state concisely their complaints, to provide succinct, clear, and accurate arguments for why their complaints have merit in law and fact, to cite legal authority that is applicable to their complaints, and to cite appropriate references in the record. TEX. R. APP. P. 38.1(f), (h), (i). To comply with rule 38.1(f), an appellant must articulate the issues we will be asked to decide. *Bolling*, 315 S.W.3d at 896. "[W]e must be able to discern what question of law we will be answering." *Id.* The brief fails if we must speculate or guess about the appellant's contentions. *Id.*

We may discharge our responsibility to review an appeal and make a decision that disposes of an appeal only when we are provided with proper briefing. *Id.* at 895. We are not responsible for identifying possible trial court error, for searching the record for facts that may be favorable to a party's position, or for doing legal research that might support a party's contention. *Id.*; *see Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 283–84 (Tex. 1994). "Were we to do so, even for a pro se litigant untrained in law, we would be abandoning our rule as judges and become an advocate for that party." *Bolling*, 315 S.W.3d at 895. We do not adhere to rigid rules about the form of briefing when deciding whether an appellant's brief is deficient. We do, however, examine briefs for compliance with the briefing rules. After a close examination, if we can conclude a brief complies with the Texas Rules of Appellate Procedure, we submit the appeal for review and decision on the merits. If we cannot, we may dismiss the appeal as we are authorized to do by our appellate rules. TEX. R. APP. P. 42.3(c); *Bolling*, 315 S.W.3d at 895–96.

Appellant's brief, entitled "Brief in Support for Declaratory Judgment," is deficient. The Clerk of the Court sent appellant a notice that his brief contained eleven deficiencies of form and substance. Among other deficiencies, the brief does not contain a concise statement of the case, the course of proceedings, and the trial court's disposition of the case supported by record

references. TEX. R. APP. P. 38.1(d). It does not contain a concise statement of the facts supported by record references. TEX. R. APP. P. 38.1(g). It does not contain a table of contents or an index of authorities. TEX. R. APP. P. 38.1(b), (c). It does not concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f). And it does not contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). In fact, appellant's brief does not address the trial court's judgment at all.

Appellant has not filed an amended brief or otherwise communicated with the Court. Because he has failed to comply with the briefing requirements of our appellate rules after having been given the opportunity to do so, we dismiss appellant's appeal.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


180087F.P05



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

SCOTT DAMON RICHARDSON, Appellant

No. 05-18-00087-CV  V.

DARREN MARSACK, Appellee

On Appeal from the 134th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-09775.
Opinion delivered by Justice Lang-Miers; Justices Bridges and Francis, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

Judgment entered this 19th day of September, 2018.